UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA         CRIMINAL ACTION NO. 13-00180-01

VERSUS                           JUDGE S. MAURICE HICKS, JR.

MICHAEL T. JOHNSON                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a *pro se* Motion for Reduction in Sentence/Compassionate Release filed by Defendant Michael T. Johnson ("Johnson"). See Record Document 228. Johnson seeks compassionate release due to the risk of serious complications or death posed from the COVID-19 pandemic in the Bureau of Prisons ("BOP"). See id. The Government has opposed Johnson's motion. See Record Document 229.

On January 8, 2014, Johnson pled guilty to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Record Documents 78 & 80. Johnson was sentenced on April 24, 2014 to 120 months imprisonment and 8 years supervised release upon release from confinement. See Record Documents 105 & 106. He is presently serving his sentence at Seagoville FCI. His projected release date is February 24, 2022.

In his motion, Johnson seeks release due to the risk of serious complications or death posed in his case from the COVID-19 pandemic. See Record Document 228 at 1. Johnson references that he is a diabetic with high blood pressure and further discusses the conditions at Seagoville FCI, namely that it is impossible to practice social distancing. See id. He also notes that he is required to use communal bathrooms, showers, and other facilities which he maintains cannot contain the spread of the virus. See id.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Johnson moves to modify his sentence under 18 U.S.C. §§ 3582(c)(1)(A). Under this section, the court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions.  In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process.  Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

> (1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
>
> (2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A). The administrative exhaustion provision of the First Step Act is set out in mandatory terms and has been characterized by the Fifth Circuit as a mandatory claim-processing rule. See U.S. v. Franco, No. 20-60473, 2020 WL 5249369 at *2 (5th Cir. Sept. 3, 2020) ("The statute's language is mandatory."). The provision permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The statute sets forth no exceptions to this mandatory statutory exhaustion requirement. Recently, the Fifth Circuit held in Franco that "those who seek a motion for compassionate release under the First Step Act must first file a request with the BOP." Franco, 2020 WL 5249369 at *3. Moreover, petitioners such as Johnson bear the burden of showing that he has exhausted his administrative remedies with the BOP before filing compassionate release motions. See U.S. v. Van Sickle, No. CR18-0250JLR, 2020 WL 2219496, *3 (W.D. Wash. May 7, 2020). Here, there is no dispute that Johnson has exhausted his administrative remedies within the BOP and the instant motion is properly before this Court. See Record Document 229-1.

Subject to exhaustion and the considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) would permit a reduction in Johnson's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction

must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Turning to the Guidelines, U.S.S.G. § 1B1.13 explains that a reduction is authorized when the court, after consideration of the factors set forth in 18 U.S.C. § 3553(a), determines that extraordinary and compelling reasons exist and the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g). The reduction must also be consistent with the policy statements set forth in U.S.S.G. § 1B1.13. Application Note 1 of the U.S.S.G. § 1B1.13 sets forth what may constitute "extraordinary and compelling" circumstances that would permit a court to grant relief under Section 3582(c)(1)(A):

> (A) Medical Condition of the Defendant. –
>
> > (i) The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of lift trajectory). A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is –
> >
> > > (I) suffering from a serious physical or mental condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C)    Family Circumstances. –

        (i)    The death or incapacitation of the caregiver of the defendant's minor child or children.

        (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of registered partner.

    (D)    Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivision (A) through (C).

Under the authority granted to the BOP in U.S.S.G. § 1B1.13 to further specify what it considers "extraordinary and compelling," BOP Program Statement 5050.50[1] lists similar conditions such as terminal illness, advanced age and the death of a spouse or registered partner. BOP's program statement does not depart from the manner in which "extraordinary and compelling" is otherwise defined. U.S. v. Hudec, No. 4:91-1-1, 2020 WL 4925675 (S.D.Tex. 8/19/2020) (noting that Program Statement 5050.50 provides the same bases as U.S.S.G. for a finding of "extraordinary and compelling" reasons for compassionate release).

    "In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would

---

[1] Available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

warrant relief under the compassionate release statute."). Here, Johnson maintains that his diabetes and high blood pressure necessitate compassionate release; yet, he has not provided medical documentation to support his asserted medical conditions and/or to show the severity of his diabetes or hypertension. Because he bears the burden of establishing an entitlement to sentence reduction, Johnson's motion is denied on this basis alone. See U.S. v. Clark, No. 17-85-SDD-RLB, 2020 WL 1557397, *4 (M.D. La. Apr. 1, 2020); U.S. v. v. Aguila, No. 2:16-CR-00046-TLN, 2020 WL 1812159, at *2 (E.D. Cal. Apr. 9, 2020); U.S. v. Lotts, No. CR 08-1631 JAP, 2020 WL 835298, at *3 (D.N.M. Feb. 20, 2020).

Yet, even if it is assumed that Johnson successfully carried his burden of establishing an "extraordinary and compelling" reason for compassionate release under Section 3582(c)(1)(A), more specifically, a medical condition defined in Application Note 1(a), the Court must still consider whether or not a grant of relief comports with the factors enumerated in Section 3553(a) and whether release would present a possible danger to the community. The Presentence Investigation Report in this matter establishes that Johnson was the leader of a cocaine conspiracy and directed others to sell cocaine on his behalf. See PSR at ¶¶ 14, 15, 24. He also has a lengthy criminal history, including previous drug and firearm convictions. See id. at ¶¶ 35, 37, 41, 43, 45, 47, 49. Johnson's criminal history likewise includes violence such as an armed robbery charge that was amended down to a misdemeanor theft. See id. at ¶¶ 33, 34. In connection with his first federal conviction, law enforcement found a loaded .40 caliber pistol, a loaded AR-style rifle, and a bullet-resistant vest while executing a search warrant relating to drug trafficking conduct. See id. at ¶¶ 47-50. Johnson also has a history of probation and

supervised release violations. See id. at ¶¶ 37, 40, 41, 49. In fact, Johnson was on federal supervised release when he committed the offense for which he is currently incarcerated. See id. at ¶ 52. Finally, the Government has produced BOP records indicating Johnson has two disciplinary violations for fighting and he voluntarily withdrew from the RDAP program. See Record Documents 229-2 and 229-3.

Based on the foregoing, a reduced sentence in this case simply would not reflect the seriousness of Johnson's offense. Moreover, a reduced sentence in this instance would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this defendant. A reduced sentence would also cause disparity from sentences other defendants have received for similar criminal conduct, as Johnson was sentenced to the statutory mandatory minimum sentence of 120 months. Thus, considering the 18 U.S.C. § 3533(a) factors, along with the factors in 18 U.S.C. § 3142(g), Johnson's motion is denied.

Accordingly,

**IT IS ORDERED** that Johnson's *pro se* Motion for Reduction in Sentence/Compassionate Release (Record Document 228) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of December, 2020.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT